**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| CALVIN STOVER                                    )<br>490 Taylor Street, NE                           )<br>Washington, D.C. 20017                       )<br>                                                              )<br>         Plaintiff,                                       )<br>                                                              )<br>    v.                                                     )    Civil Action No.<br>                                                              )<br>PRINCE GEORGE'S COUNTY            )<br>PUBLIC SCHOOLS                               )<br>14201 School Lane                                )<br>Upper Marlboro, MD 20772                )<br>                                                              )<br>         Defendant.                                   )<br>                                                              )<br>SERVE:                                                  )<br>                                                              )<br>MONICA GOLDSON                          )<br>Chief Executive Officer                       )<br>Sasscer Administration Building         )<br>14201 School Lane                                )<br>Upper Marlboro, MD 20772                )<br>_____)| |

**COMPLAINT FOR DAMAGES**

COMES NOW Calvin Stover ("Plaintiff"), by and through undersigned counsel, to hereby file this Complaint for Damages against Prince George's County Public Schools ("Defendant" or "PGCPS")) for discrimination and retaliation. For cause, Plaintiff alleges the following:

**THE PARTIES**

1.      Plaintiff was employed by Defendant for three years, before his termination on or about November 2, 2018. Plaintiff is a Black male, over the age of 40, and is a resident of the District of Columbia.

2.      Defendant is a large public school district administered by the government of Prince George's County, Maryland, and is headquartered in Upper Marlboro. The school district is led

by its Chief Executive Officer, Monica Goldson.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(3); 29 C.F.R. § 1614.504, and the Age Discrimination in Employment Act of 1967. Further, this Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. §1331.

4. Venue in the District of Maryland is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims are based occurred in Prince George's County, Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about August 29, 2019 Mr. Stover filed a claim with the Equal Employment Opportunity Commission ("EEOC") and cross-filed with the Prince George's County Human Relations Commission alleging gender discrimination in violation of Title VII, age discrimination in violation of the ADEA, as well as retaliation in connection with the terms and conditions of his employment, including his termination.

6. On September 9, 2019 the EEOC issued its Dismissal and Notice of Rights, which provided him the right to file this Complaint within 90 days of receipt. Mr. Stover received the Notice of Right to Sue on or about September 12, 2019. Thus, this Complaint is timely filed.

## FACTUAL BACKGROUND

7. Mr. Stover commenced his employment with PGCPS on January 14, 2015 as a Special Assistant to the Director in the Employee and Labor Relations Office ("ELRO").

8. Mr. Stover's duties and responsibilities included investigating disciplinary cases and making recommendations for resolution; liaison between union and CEO; negotiate bargaining agreements and regularly interface with union officials and staff; training and professional

development; budget; interpret board policies and procedures; and direct supervision of three (3) labor relations advisors.

9. Mr. Stover performed his duties satisfactorily over the course of his employment.

10. On or about July 17, 2018 Dr. Monica Goldson (hereafter "Dr. Goldson") was named interim CEO of PGCPS.

11. On September 19, 2018 Dr. Goldson met with the staff of ELRO, including Mr. Stover, to discuss her vision for the school district and the department.  At that time Dr. Goldson revealed that she was contemplating a reorganization of the department, for example, switch the bargaining units the advisors manage.

12. On September 28, 2019 Mr. Stover had a "skills assessment" meeting with Howard Burnett, an assistant to Golden.  Mr. Burnett stated that he was meeting with the entire department, in order to assess each employee's skill set for the purpose of developing a plan for the upcoming reorganization at PGCPS.

13. At the end of the interview, Mr. Burnett praised Plaintiff for his work experience and skill level.

14. Mr. Burnett also stated that he saw Plaintiff "as an officer" at PGCPS, but had to run all decisions by Dr. Goldson.  An Officer position would have been a promotion for Mr. Stover.

15. At the end of the meeting Mr. Stover complained that a recent hire (VE – female) for a Special Assistant position in OELR had been pre-selected in violation of the discrimination laws, despite the appearance that there was competition for the position.  VE's hiring had been announced on September 19, 2018.

16. Mr. Burnett stated that he would look into VE's hiring further and discuss the matter with Dr. Goldson.

17. However, on October 29, 2018, Mr. Burnett and Ms. Kristi Murphy informed

Mr. Stover that his position was being eliminated as of November 2, 2018, despite Mr. Burnett's previous assurances otherwise.

18. Mr. Burnett advised Mr. Stover that he had two options: accept the termination of his employment with a 30 day severance payment, or accept a demotion to a Labor Relations Advisor position at a salary reduction of $22,000, which offer would expire in two days or by October 31, 2018.

19. On October 30, 2018 Mr. Stover sent an email to Mr. Burnett summarizing the offer extended and, since Mr. Stover's position was being "eliminated," he requested 21-days to consider the new offer in recognition of his rights under the ADEA.

20. Mr. Burnett responded on November 1, 2018 acknowledging receipt of email, and claimed no action would be taken regarding Mr. Stover without his receipt of appropriate correspondence.

21. However, Mr. Stover was not afforded the 21 days to consider his options, and his position terminated effective November 2, 2018.

22. Prior to VE being hired, Mr. Stover was the only Special Assistant in the ELRO.

23. Unbeknownst to Mr. Stover, Dr. Golden pre-selected VE to replace him even though he had been performing his duties satisfactorily for the preceding three and a half years.

24. After November 2, 2018 VE became the only Special Assistant in the ELRO, just as Mr. Stover was during his tenure.

**COUNT I (Title VII)**
**(Discrimination Based on Gender)**

25. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if they were fully stated herein.

26. Plaintiff is a member of protected class by virtue of his gender (male).

27. Although Plaintiff was performing his duties satisfactorily for almost 4 years, Dr. Golden hired

VE (female) to replace him in the ELRO.

28. To disguise the discriminatory pre-selection of VE that was made before the Special Assistant position was posted, Defendant orchestrated a recruitment process and gave salutary review of applications.

29. Defendant placed VE in the Special Assistant position and subsequently terminated Plaintiff.

30. Plaintiff's gender was a determining factor in Defendant's unlawful conduct toward him.

31. Any reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot offer any legitimate reason for its unlawful conduct.

32. Defendant's aforementioned conduct have been intentional, deliberate, willful, malicious, reckless and in callous disregard of Plaintiff's rights because of his gender.

33. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages -- including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities -- and is entitled to all available legal and equitable remedies.

34. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

35. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and in the future, and all other losses stated with Plaintiff not contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00) against Defendant;

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Pre and post judgment interest;

e. Award statutory attorney's fees, costs, and expenses incurred for this action; and

f. Award such other and further relief as is deemed just and proper.

## COUNT II (Title VII)
### (Retaliation)

36. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if they were fully stated herein.

37. Plaintiff engaged in protected activity on September 28, 2018 when he complained to Mr. Burnett that a recent hire (VE – female) for a Special Assistant position in ELRO had been pre-selected in violation of the discrimination laws, despite the appearance that there was competition for the position.

38. Mr. Burnett shared Mr. Stover's complaint of discrimination about VE's hiring with Dr. Golden.

39. A month later, on October 29, 2018 Mr. Burnett advised Mr. Stover that his position was being eliminated and he could accept a demotion to one of the positions he previously supervised, despite that on September 28, 2018 Mr. Burnett had praised Mr. Stover's skills and experience and found him suited for an officer position.

40. Because of Plaintiff's participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII, Defendant terminated his position.

41. Mr. Stover's termination was a direct result of having engaged in protected EEO activity on September 28, 2018.

42. Defendant's unlawful actions created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII.

43. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

44. Defendant's retaliatory conduct have been intentional, deliberate, willful, malicious, reckless and in callous disregard of Plaintiff's rights because of her participation and opposition to Defendant's

discriminatory conduct.

45.     As a direct and proximate cause of Defendant's retaliatory conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages -- including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities -- and is entitled to all available legal and equitable remedies.

46.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

47.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and in the future, and all other losses stated with Plaintiff not contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00) against Defendant;

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Pre and post judgment interest;

e.  Award statutory attorney's fees, costs, and expenses incurred for this action; and

f.  Award such other and further relief as is deemed just and proper.

### COUNT II (Age Discrimination in Employment Act of 1967)
### (Retaliation)

48.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if they were fully stated herein.

49.     Plaintiff engaged in protected activity on October 30, 2018 when he requested his 21-day review period under the ADEA to consider Defendant's offer after being advised that his Special Assistant position was being eliminated.

50.     Mr. Burnett shared Mr. Stover's request for 21-day review with Dr. Golden.

51. Defendant denied Plaintiff's request for 21-day review period under the ADEA and in the process effectively withdrew the offer for the lower position. .

52. Defendant's unlawful conduct negatively caused Plaintiff's termination.

53. Defendant's retaliatory conduct have been intentional, deliberate, willful, malicious, reckless and in callous disregard of Plaintiff's rights because of her participation and opposition to Defendant's discriminatory conduct.

54. As a direct and proximate cause of Defendant's retaliatory conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages -- including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities -- and is entitled to all available legal and equitable remedies.

55. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

56. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and in the future, and all other losses stated with Plaintiff not contributing in any way thereto.

   **WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

   a. Award compensatory damages in excess of Three Hundred Thousand Dollars ($300,000.00) against Defendant;

   b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

   c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

   d. Pre and post judgment interest;

   e. Award statutory attorney's fees, costs, and expenses incurred for this action; and

   f. Award such other and further relief as is deemed just and proper.

9

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable herein.

          Respectfully submitted,

          */s/ Jeanett P. Henry*_____
          Jeanett P. Henry
          8403 Colesville Road; Suite 1100
          Silver Spring, MD 20910
          (301) 562-1340
          Email:  jhenry2085@aol.com